This is number 2011-15-26, IN RE NOUVEL, Mr. Kears. May it please the Court, my name is Ben Kears and I represent the appellant, Claude Nouvelle. Today I'd like to focus on three of the errors in the Board's decision. First, the Board's obviousness holding was not supported by any evidence because the Board explicitly rejected the examiner's only rationale for making the proposed combination of prior art. Second, the Board legally erred by imposing an initial burden on the applicant to disprove obviousness. And third, the Board's own newly proposed rationale for making the proposed combination of prior art is not supported by any evidence, much less substantial evidence, because it defies common sense. Turning to the rejection on appeal, the Board rejected various claims as obvious over lieu in view of Herbert. The Board's rejection is critically premised upon the Board's conclusion that it would have been obvious to make Lou's arm thicker than a mating depression in the other arm of the pliers. This foundational conclusion is not supported by substantial evidence for numerous reasons. First, the Board denied the examiner's only rationale for making the proposed combination of prior art. The examiner asserted that the proposed modification to Lou was obvious because Herbert suggests, quote, to have a channel or depression in the first arm that is not as deep as the thickness of the mating arm to avoid unduly weakening the first arm, close quote. To the contrary, Herbert makes no such association between strength and the relative thickness of a plier arm in the depression that it fits in. In fact, the Board agreed with that appellant by holding that, quote, neither Lou nor Herbert attributes any significance or criticality to the depth of the recess relative to the thickness of the other arm, close quote. The rejection should be reversed because the examiner provided no other apparent reason to make the proposed combination of prior art, that is, thickening a plier's arm relative to the depression in the other arm. Well, thickening, it's pretty intuitive that thickening is generally associated with strengthening. It's also the case that in this type of plier, you frequently have indentations in each of the arms to accommodate the crossing area of the arms, which indentations create a potential weak point in both arms, right? Well, I absolutely agree that in general, thickening an arm does make it stronger, but that's not what the Patent Office needed in order to support its obviousness rejection. The Patent Office had to say that it was obvious to thicken the arm relative to the recess, and that's where the error arose. If one of ordinary skill in the art were going, would like to strengthen the pliers, as you said, the pliers have two arms, and you would want to strengthen all of the arms, otherwise you'd create a weakest link. Well, but the weakest link is already there because of the respective indentations designed to try to accommodate the back and forth action of the arms in the typical plier. I don't believe that the indentation is what creates the weakest link. The indentation results in, if the plier is coming along here that's half an inch thick, and then you get to the indentation point, and it goes down to a quarter of an inch thick, then you have a potential weak point. Yes, the weak point would be, right, not where there's a shoulder. In fact, if I can direct you, it might be easier to talk about this in context of hypos on page 21 of the opening brief. So on page 21 of our opening brief, we show various hypotheticals, and your concern, Judge Bryson, is that where you shift from the shoulder down into the recessed yellow, that would be the weakest point? Well, I think I understand what you're saying, but go ahead. Okay. Novella would assert that the weakest point, according to the Patent Office's proposed change, which is a hypothetical C on this page 21, by thickening that green arm, thickening that green arm does not change the relative to the recess, does not improve the strength of the pliers. It just thickens the green arm. The depth of that recess really has no impact on the strength of the pliers. So the board's proposal that thickening the arm relative to that recess would provide some sort of a strength benefit is simply wrong as a matter of common sense. Were they actually thickening the arm in Herbert? In 1872, it looked to me like they were just chopping a little piece out of it. And Herbert actually wouldn't even consider Herbert to show a recess. Herbert shows one arm that is thicker than a shoulder on the other arm. It's merely a shoulder. Herbert attributes no significance to that shoulder. The Patent Office attributes no significance to the shoulder in Herbert. Herbert just discloses a pair of pliers. In fact, the Patent Office had to go back to the 1800s to find a pair of pliers that happened to have that relative thickness difference that the Patent Office relies upon, even though Herbert attributes absolutely no significance to that difference. And that is exactly what the board held. I couldn't even tell whether Herbert was a matter of thickening or whether in Herbert, one of the two arms of the pliers that had a piece just chopped out of it thinned, if you would. Right. And frankly, Herbert... Thinning as opposed to thickening. Sure. Herbert attributes no significance. We have no understanding from Herbert as to why that was done, why there is that shoulder beside Herbert's arm. And that's the main flaw in the board's decision. Not Herbert, not Lou, not anything in the prior to attribute any significance to that shoulder that you're referring to. So if I can read... How are the pliers joined in Lou, right, by a little carve-out of some sort that allows for the flat plate? Yes. In Lou, it actually does serve a purpose. In Lou, there's a depression with a depression having the same thickness as the arm that fits into the depression, so the flat plate smoothly fits over top of that depression. And if you were going to follow Lou's teachings, no matter how strong you made the pliers, you would proportionally increase all the sizes to continue that flat plate. And the board has offered no credible evidence to deviate from Lou's teachings. If I can turn now to the second argument. Second, having disavowed the examiner's only proposed rationale for making the proposed change to Herbert, the board turned to an erroneous legal standard in an effort to defend the examiner's position. The Patent Office characterizes replacing Lou's relative arm thickness with Herbert's relative arm thickness as a change of a variable. The Patent Office then asserts that, The Patent Office is essentially saying that any dimensional change to any part of the prior art is obvious unless an applicant provides evidence to the contrary. The Patent Office's position here violates this court's consistent holding that the Patent Office, not an applicant, bears the initial burden on obviousness. Even the Patent Office's own cited precedent here, this court's decision in In re Woodruff, refutes the Patent Office's position for at least three reasons. First, Woodruff's evidence requirement only applies after the Patent Office establishes a prima facie case of obviousness by showing that the claimed range and a range disclosed in a prior art reference overlap. Here, the Patent Office admits that Lou's relative thickness does not overlap with the relative thickness that the Patent Office desperately needs to support the obviousness rejection. Woodruff's evidence requirement... Your argument is that the Patent Office is using the criticality point to get to a prima facie case as opposed to using it after they get to a prima facie case to undo it. Exactly, Your Honor. The Patent Office is trying to swish the burden on applicants to prove non-obviousness of that change before the Patent Office has to make out a prima facie case of obviousness. Well, if all you had was a plier, an application that says, well, a prior art plier has arms that are a quarter of an inch thick. My plier has arms that are three-eighths of an inch thick. You wouldn't, on its face, that would be reasonable for an examiner to say, what does this show me that isn't obvious? Correct? Sure, and I absolutely... And so, criticality would come in. If you came in and you said, well, at three-eighths of an inch, something very important and unexpected happens, now you're in business. But if you don't, they've shown all they need to show, right? Well, that's fine in that case because the Patent Office has shown that making the arms thicker, making the whole pliers thicker, would, presumably, if the examiner found that it strengthened the pliers, that would be fine. But that's not what the Patent Office needs here. The Patent Office doesn't need just making a pair of plier arms thicker. The Patent Office needs to prove that it would be obvious to make that arm thicker relative to a recess in the other arm. And that's the logical flaw here. Isn't your argument that your invention was trying to produce a slimness, a thin profile? I... Actually, the reason that the Patent Office is wrong has absolutely nothing to do with the present invention, although I will address your issue. The present invention does provide a thinner area outside of where you have the intersection, and it's that quick, thick thinning down outside of where you have the intersection that is the applicant's invention. But that was a benefit that nobody in the prior art recognized and really has nothing to do with why the Patent Office is a... You're not trying to thicken, you're trying to streamline. Trying to streamline at certain areas without straight... while remaining, keeping the thickness at the overlapping portion. But again, that has... Our invention honestly has nothing to do with why the Patent Office was wrong here. I mean, the part that's frustrating to me is the question of whether or not one of the skill in art would have been motivated to modify the plate, the connecting plate that you see in Lou, with an omega shape. And if you had looked, for example, at Herbert and you said, you know, one of the real problems with Herbert is it's got that bolt and nut sticking out that catches in the blue jeans that stick it in. So how would you solve that problem? You'd modify the plate with an omega shape. Well, perhaps if you were... Perhaps if you were starting as a primary reference from Herbert and then modifying Herbert in view of Lou, but that's not the rejection that's on appeal. On appeal, the board and all the finding of fact had to do with starting with Lou and trying to artificially increase the dimension in Lou based on Herbert, despite the fact that Herbert attributes no significance, as the board found, to the very change that the board is relying on in order to support this rejection. And now we're into your rebuttal time, Mr. Kearns. I think I'll sit down. So I have one last... I invite the Patent Office to identify any credible reason why thickening Lou's arm relative to the recess would strengthen the arm. Okay, Mr. Bicklow, we will hear your answer to that invitation. Thank you, Your Honors. May it please the Court. Lou discloses a pliers with a plate, and Herbert... Can you answer his question? What's the reason why thickening Lou in relation to the recess strengthens the arm? Because Herbert just jumps right out to you as the examiner and board found, that Herbert has a thicker arm already, and that has been known since 1872, that that is a really good pliers. It's thick, it's strong, and people have been using it for 140-some-odd years. So with that knowledge... Where does Herbert teach strength in the sign? Or does Herbert tell you that this supposed thickening has imparted strength? It doesn't, Your Honor. Then think what your adversary was asking for you to point to something that supports the proposition. Well, the figures, Your Honor. Herbert doesn't teach that. Your Honor, with ordinary skill in the mechanical arts, in the pliers-making field, thickness has to mean stronger, because if it's thinner, it'll break, as Your Honor, I think, alluded to. Why would you thicken one arm and not the other? Why would you have lopsided pliers? Well, Herbert has had them since 1872. Herbert has had an offset, thick, strong arm from the recess. And that is the whole distinction from Liu, that you just have... You did it by carving a piece out. They took the two pieces of metal and they carved a chunk out of one, so the other one will lay in up flat, right? No, I'm sorry, Your Honor. Where do you see the thickening in Figure 1 and Figure 2 of Herbert? Respectfully inviting the Court's attention to page 11 of our red brief has all the figures that we need to talk about. Page 11 of our red brief. You said page 11? Yes, Your Honor. I was looking at offset of page 5, where they're bigger. Yes. The picture of Herbert's bigger on 5, offset 5. Sure, Your Honor. There, the arm A, as you can see, protruding to the nut, is clearly offset and extending out of the recess. The underneath arm has the recess, so the thick arm to lay flat in that recess. And these pictures show that the outer arm extends outward. I mean, you can clearly see... Looks to me like the arms are exactly the same size, but one of them has got a notch cut in it so the other one can lay into the notch. It does touch the notch, Your Honor, but if I could invite Your Honor's eyes to... If you took the two pieces apart in Herbert and before you chiseled a little notch in... They would be the same. They'd be exactly the same. Yes, Your Honor. And so Herbert is not thickening anything. Herbert is reducing the size of one of the arms by cutting a channel in it, right? Right. So that something can lay in. So Herbert isn't teaching the thickening of anything for strengthening purposes. They're teaching the reducing of the strength of one of the arms by cutting a cavity in. Right, and as the board found, the board said Herbert has taught that there is this other configuration, an offset arm configuration, where you have, just as Your Honor said, a notch cut out in the underneath arm and the other arm, unblemished, is extending out and, as the board said, that creates an intermediate section that exceeds the depth and Herbert's figures clearly show that and then Herbert shows that there is a thickness here and people skilled in this art would apply that common knowledge of thickness, as the board and examiners said, is the same as being stronger or makes it stronger to Liyue and once you do that in Liyue, because Herbert has taught this since 1872, you then only have to slightly bend the plate and that's opposite page 11 of our brief, Nouvelle Figure 5. This claim is very broad. Let me make sure I understand what you're saying about Herbert. So in Herbert, if you look at Figure 1 of Herbert, arm A extends along, across arm B and into a notch which is just below F, right? Correct, Your Honor. And that is, you could make arm A flush with arm B by putting a notch in arm B and making arm A very thin at the point around where the nut is, but instead your point is Herbert elects to make arm A thicker and therefore extending, not flush with arm B, but extending beyond arm B, which is your, this is making it thicker argument, correct? That's precisely right, Your Honor. And that's the teaching that you say was embodied in the idea of increasing the thickness of the arm of Liu to the point that it extended above what would have been the flush edge of the other arm and therefore needed, if you're going to use a plate, a plate that hopped up and then went back down. Absolutely, Your Honor. It gets no more complicated than that, seeing Liu's pliers with a plate and knowing of the age-old teaching of a thicker arm, as Herbert has been around since 1872, somebody skilled in this art, and they've been working in this art for many, many years, since 1872 at least, would look at those two figures and say, well, I could use Herbert's thicker for a stronger required application as the examiner and board both found when you want more strength, what would you do? How do you know about the strength? Where does Herbert teach you about the strength? From the thickness, Your Honor. It has to be stronger, just like when you cut out a notch. A stronger pair of pliers if one of the arms is thicker than the other? Yes, it would be better for a stronger application that's required. And claim one is so broad, all it requires is that you have a bent plate. And that is really the problem here, is that these two references, as we've posited, sets forth a prima facie case of obviousness. And the applicant has chosen to not do any testing, I think as Judge Bryson alluded to, maybe some unexpected results testing or other types of testing, to at least come back with something before the PTO were to have to issue this broad claim. Well, I take it that the plate itself confers some strength on the weaker of the two arms, right? Absolutely, Your Honor. So, I mean, what you've got is one thick arm and one thinner arm with a plate. And so thin arm plus plate, since the plate, if it's bolted on to the arm, is effectively thickening the thinner arm, the otherwise thinner arm, you can make equivalent strength of the two arms, couldn't you? Yes, Your Honor. That's got mechanical sense to me. Yes, and that meets the claim that in looking at Herbert, as the Examiner and Board found, you have just an offset arm configuration which has been known in the art, as I've said many times for many years, and looking at Herbert and Liu together, you say, wow, I can have an even stronger second arm that doesn't have to be as thin as Liu's because Herbert has taught for so long a thicker arm. And then all you have to do is slightly bend the plate and then you have a stronger pliers as the Examiner and Board found. And that's the substantial evidence that supports their obviousness findings setting forth the prima facie case. And again, the applicant has done no testing to try to rebut that prima facie case for this very broad claim. If the Court has no further questions, I'll take my seat. Thank you, Mr. Pickering. Mr. Kueh. May it please the Court. The Patent Office keeps saying that Herbert teaches a thicker arm, thicker arm, thicker arm, but that is not what the Patent Office needs to support its obviousness rejection. The Patent Office needs a thicker arm relative to a recess in order to support its obviousness rejection and the Patent Office has not identified any rationale for doing so. What Herbert shows, and the Patent Office had to go back 130 years to find it, 140 years, is simply an arm. Why would one ordinary skill in the art incorporate Herbert's arm into Lou's pliers? There is no teaching, there is no reason, there is no obvious reason or apparent reason for one ordinary skill in the art to have made that modification, and the Patent Office has still not identified any reason why thickening an arm relative to a recess in the other arm provides any benefit at all. The second point I'd like to make is... I'm really having a hard time following that part of your argument. If you say that the recess is fixed at X and what I'm going to do is I'm going to increase the thickness of the arm relative to X, it seems to me that if you accept the general proposition that thickening a piece of metal makes it stronger, that you are making it stronger by increasing its thickness relative to X. So whatever the size of the X is, that if I increase the thickness from X to X plus Y, I'm increasing the strength of the arm, correct? Correct. Increasing the thickness of any arm makes it stronger. Relative to the indentation. Relative to the recess does not provide any benefit. The size of a recess has nothing to do with the strength of an arm. All right, go ahead. If you look at it, again I'll point to page 21, that as Lou's arm, the inter-engaged arm that we're talking about the thickness of gets thicker, the reason it's stronger has nothing to do with the depth of the recess. The recess can be larger, can be smaller. They are not a known variable in the prior art. They have any relationship to each other. And the Patent Office has already found, the board held, that there is no significance or criticality attributed to those relative sizes. The second thing I'd like to address quickly is that the Patent Office accuses the appellant of providing no evidences for our common sense argument. Here, the appellant never had an opportunity to provide its evidence. It wasn't until we reached the board that the board created its new allegedly common sense rationale, which happened after the record closed. When the board raises a new rejection, it's obliged under 37 CFR 41.50B to reopen prosecution and give an appellant an opportunity to provide new evidence. Here, the board raised a new rejection by relying on common sense, alleged common sense, instead of Herbert's explicit teachings to support the rejection. So I'd like at least to remand if you believe that evidence is required to support the appellant's common sense argument that increasingly the size of the thickness of an arm relative to a depression would not have been obvious. Any other questions? No questions. Thank you, Your Honor. Thank you, Mr. Kirsten. Mr. Piccolo, the case is taken under submission. All rise. The article is adjuncted tomorrow morning at 10 a.m. Thank you.